■Mr. Justice STORY
 

 delivered the opinion of the court.
 

 ' This is the case of a writ of ¡error to the Circuit Court of the district of Kentucky. The original suit .was añ ejectment for a. certain tract of land, in Kentucky, containing eleven thousand acres; and upon the trial, upon the general issue, a verdict was found for the defendants, upon which judgment passed for them. A bill of exceptions was taken by the plaintiff, to the opinions of the court at the" trial; and to revise those opinions, the-present writ of error is brought by the plaintiff.
 

 On the 24th of December, 1806, a patent for the tract of eleven thousand acres of .land was granted by the. commonwealth of Kentuckyy'untó George Clymer, (under whose will the lessors of the -plaintiff make claim?) one-third, and unto Charles.Lynch and John Blanton, (under whom'the defendants make claim,)'two-thirds. In the year 1810, if not at án earlier period, (for there is some repugnancy in the various dates stated in the record,) Lynch and Blanton procured a partition of the tract to be made, by .the authority of the County Court of 'Henry, by certain commissioners, appointed pursuant' to the Kentucky statute of 1792, by which one-third was assigned ■in severalty to Clymer, (he being then a non-resident,) by-certain1 metes and ■ bounds; and the remaining two-thirds were assigned to Lynch and Blanton, by certain other metes and bounds. The return of the commissioners was filed, acknowledged, and admitted to record in the clerk’s office pf the county of Henry, in I8l0; but the Court of that county do not seem to have ordered the return to be received and recorded until 1827. How this delay took place, has not been' satisfactorily explained; and the omission has been insisted upon as an objection to the validity of the partition.
 

 All the defendants appear, from the evidence, to have derived title to the lands in their respective occupation, and to have entered into possession of the same, after the partition was made, and by titles in severalty, derived exclusively from or under Lynch and Blanton; and the lands held-by them are situate exclusively within the tract as-, signed by the, partition to Lynch and Blanton. The main defence relied upon hy the defendants, at the trial, was an adverse possession to the title of Clymer, during the period prescribed by the Statute of Limitations of-Kentucky. To rebut this defence, the plaintiff insisted that the partition was void, and being void,- the defendants having entered into the land under the patent to Clylfier, Lynch and Blanton, who still, notwithstanding the partition, in point of law, remained ■ tenants in common of the land, were not at liberty .to set up an adverse possession against that title; nor at liberty to set up
 
 *688
 
 any outstanding superior title in any third person, under any elder patent offered in evidence, to defeat the plaintiff in the action.
 

 The.plaintiff, upon the evidence, (which need not be here particularly recited,) moved the-court to instruct the jury as follows: [See fjie statement of the
 
 reporter.]
 

 The defendants also moved the court to give certain instructions to the jury; which instructions the court refused to give, but gave the following instruction .in substitution thereof: [See. statement..]
 

 To the instructions so refused as propounded by the plaintiff, and to the several instructions so given by the court, the plaintiff excepted; and the cause-stands before us for consideration upon the validity of these exceptions.
 

 The first point made at the argument for the plaintiff; is as to the validity of the partition under the proceedings in the county of Henry. In our judgment, it is wholly unnecessary to decide whether those proceedings were absolutely void or not; for, assuming them to have been defective or invalid, still, as they were matter of public notoriety, of which Clymer was bound, at his peril, to take notice ; and. as Lynch and Blanton, under those proceedings, claimed an exclusive title to the land assigned to them, adversely to Clymer; if the defendants entered under that • exclusive title, the possession must be deemed adverse, in point of law, to that of Clymer;
 

 And this leads us to the consideration of the instructions actually given by the court, which cover the whole ground in controversy, and, if correct in point of law, show, that the court rightly refused to give the instructions asked by the plaintiff, so far as they were not consistent with the instructions actually given. It is very clear that the court are not bound to give instructions in the terms required by either party; but it is, sufficient if so much - thereof are given as are applicable to the evidence before the jury, and the merits of the case, as presented by the parties.
 

 The first instruction given by the court is as favourable to the plaintiff, in all its bearings, as the law either justifies or requires, and is in direct response to the substance of some of the instructions asked by the plaintiff. It in substance states that if the defendants entered under the title of Clymer, Lynch and Blanton, as tenants in common,- and did not claim any title except to two-thirds of the parcels of land respectively held by them, and not to the entirety
 
 thereof,
 
 ■. then their entry into the possession did not oust either Clymer or his devisees of his or their undivided third' part, and was not adverse 'thereto; and that the defendants so entering could not avail themselves of the defence of the Statute of Limitations; and they could not avail themselves of the outstanding legal title of third persons by any elder patent. So far as this instruction goes, it is manifest that-it was favourable to the plaintiff; and indeed it is not now
 
 per se
 
 objected to, but the objection is, that it does not go far enough, and thus wras to the prejudice of the plaintiff.
 

 
 *689
 
 The real point in controversy turns upon the second instruction given Bythe court, in answer to the prayer of the defendants. • That instruction, in substance, states, that if any of the defendants entered into possession of the lands respectively claimed by them, and held the same for more than twenty years before the commencement of the suit, by a purchase and claim thereof in-entirety and severalty, and not for an undivided part thereof, in co-tenancy with Clymer or his devisees, -but adversely to them, then such defendant was entitled to a verdict.in his favour, whethér he held by a purchase from Lynch, or Blanton, or any other person who had ever after-wards, up to the commencement of the suit, continued thus to hold the possession. We see(no objection, to this instruction, which ought to prevail in favour of the plaintiff: on the contrary, we deem it entirely correct, and consonant to the principles of law upon this subject; It is true, that the entry and possession of one tenant in common of and into the land held .in common, is ordinarily deemed the entry and possession of all the tenants; and this presumption will prevail in favour of all, until some notorious act of ouster or adverse possession by the party so entering into possession, is brought home to the knowledge or notice of, the others. When this occurs, the possession is from that period treated as adverse to the other tenants, and it will afterwárds be as operative against them, as if the party had entered under an adverse title. Now such a notorious ouster or adverse possession may be by any overt act
 
 in
 
 pais, of which the' other • tenants have due notice, of by the assertion, in any proceeding at law, of a several and distinct claim or title..to an entirety of the whole land, or, as in .the present case, of a-several and distinct title to the entirety of.the whole of the tenant’s purparty under a partition, which, in contemplation of law, is known to the other tenants,. Upon so familiar a doctrine it scarcely seems necessary to cite any authorities.' So early as Townsend and Pastor’s case, 4 Leon. Rep. 52, it was holdeii in the Common Pleas, by all the justices, that where there are two co-parceners of a manor, if one enters and makes a feoffment in fee of the'whole manor, this feoffment not only passes the moiety of such coparcener, which she might lawfully part with, but also the - other moiety of the Other coparcener, by disseisin. This decision was fully confirmed and acted on, in the.recent case of Doe d. of Reed
 
 v.
 
 Taylor, 5 Barn. & Adolph. Rep. 575, where .the true distinction was stated, that although the general rule is, that where several persons have a right, and one of them enters generally, it shall be an entry for all; for the entry generally shall always be taken accord- • ing to right; yet that any overt act or conveyance, by which .the party entering or'conveying asserted a title to the entirety, would amount to á disseisin of the other parties, whether joint-tenants, or tenants in common, or parceners. Upon' the same ground, it was held, in New York, in the case of Jackson
 
 v.
 
 Smith, 13 Johns. Rep. 406, that a conveyance made by orie tenant in common, of the entire
 
 *690
 
 fee of the land, and an entry and possession by the purchaser, under that deed, is an adverse po~session to all the other tenants in common. To the same effect is the case of Bigelow v. Jones, 10 Pick. Rep. 161. The reason of both of these latter cases is precisely the sa~ne as in the case of -a feoffment, the notoriety of the entry and possession, under an~adverse title, to. the entirety Of the land.
 

 Similar principles ha've been repeatedly recognised in thié court. In McClung v. Ross, 5 Wheat. Rep. 116, 124, the court said, "That one tenant in- common may oust another, and hald in severalty, isnot to be questioned. But a silent possession, accompanied with no act which can amount to an ouster, or give notice to his co-tenant, that his possession is adverse, `ought not, we think, to be éonstrued into an adverse possession." In the case of the Lessee of Clarke v. Courtney, 5 Peters, 319, 354, this court also held, that `cs~her~ a person enters into ..Iand under a deed or title, his possession (in the absence of all other qualifying or controlling circumstances) is construed to be co-extensive with his deed or title; and although. the deed or title may turn out to be defective or void, yet the true owner will be deemed disseised to the extent of the boundaries of suc,l'i deed or title.', This doctrine is strongly applicable to the possession under. the partition ~in the present case. There..are s~vera1 other `cases aIllrm'ing The same~doctrine, and especially Green v. Liter, 8 Cranch, 229, 230 ; Barr v. Gratz, 4 Wheat. Rep. 213, 223; and The Society for Propagating the Gospel v. The Town of Pawlet, 4 Peters, 480, 504, 506. The doctrine has been carried by this court one step farthei~; but at the same time one which is entirely consistent witlf the principles on which the general rule; and the exceptions. to it, are founded. In Blight's Lessee v. Rochester, 7 Wheat. Rep. 535, 549-550, it was held, that in cases of vendor and purchaser, although the latter. claimed his title under or through -the former, yet as between themselves,.the possession of the purchaser under the sale, whe~'e it `was absolute and unconditional, was adverse to that of th~ vendor, and he migh~t protect thai possession by the purchase of any other title, or by insisting upon the- invalidity, of the title' of the vendor, as the foundation of any suit against him. Now~üpon this last ground, the defendants were certainly at full liberty as absolute `puichasers in fee to maintain the3r adverse possession to the land, and the' bar of the Statute of Limitations against Lynch and Blanton, and àfo'rtio~i against Clymer..
 

 Upon the ~yhole, we are entirely satis~Ied that th~ second instruction given by the court w'~s Córréct in point of law; and, therefore, the judgment of the Circuit Court ought to be £rmed with costs.