Rutter *vs.* Small, *et al.*

(Decided 16th December, 1887.)

---

PHILIP J. C. RUTTER *vs.* MARIA L. SMALL, and others.

*Conveyance of the Fee by one Tenant in common—Adverse possession—Disseizin—Notorious acts of Ownership.*

Where one tenant in common conveys the whole estate in fee, and his grantee enters and claims and holds the exclusive possession, the conveyance and entry and possession must be deemed adverse to the title and possession of the co-tenant, and amount to a disseizin, and such possession, if continued for twenty years, will bar the title of such co-tenant.

A conveyance of an estate in fee, and entry under it, and possession, are notorious and unequivocal acts of ownership of such a nature as to give notice to the co-tenant that the entry and possession are hostile and adverse to his title.

APPEAL from the Baltimore City Court.

This was an action of ejectment instituted by the appellant to recover of the appellees an undivided one-sixth interest in a lot of ground in the City of Baltimore, described in the declaration. The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., STONE, MILLER, ROBINSON, and BRYAN, J.

*James Pollard,* and *Henry W. Latane,* for the appellant.

Nothing in the various deeds could in any manner affect the rights of the appellant, even if they in very terms denied his title, unless he had notice of them, and the recording of them was no notice to him. 1 *Devlin on Deeds,* secs. 712, 713, *and seq.; Bates vs. Narcross,* 14 *Pick.,* 224–231; *Maul vs. Rider,* 59 *Pa. St.,* 167; *Genl. Ins. Co. vs. U. S. Ins. Co.,* 10 *Md.,* 517–524; *Nelson vs. Hagerstown Bank,* 27 *Md.,* 51.

The possession of the defendants was consistent with the title of the plaintiff. One tenant in common can acquire no rights against his co-tenant by possession, enjoyment of rents, and acts of ownership. No inference of adverse possession can be made from such facts. The possession of one is in contemplation of law the possession of all, and it is necessary to prove an actual ouster to rebut this presumption, and the *onus* of proving it is on the party alleging it. The ouster must be brought home to the knowledge of the co-tenant. *Van Bibber vs. Frazier,* 17 *Md.,* 436; *Lloyd vs. Gordon,* 2 *H. & McH.,* 254; *Northrop vs. Wright,* 24 *Wend.,* 221; *McClung vs. Ross,* 5 *Wheat.,* 116, 124; *Busch vs. Huston,* 75 *Ill.,* 343; *Doe vs. Phillips,* 3 *B. & Adol.,* 763; *Alex. Brit. Stats.,* 451.

"Taking actual possession of land under a deed which purports to convey the whole thereof, under a belief that it does convey the whole, when in fact it gives title to an undivided portion only, is not an ouster of the tenant in common who owns the other undivided part." *Seaton vs. Davis,* 32 *Cal.,* 481; *Roberts vs. Morgan,* 30 *Vt.,* 319; *Holley vs. Hawley, et al.,* 39 *Vt.,* 525.

The Court erred in not submitting the case to the jury. *Russell vs. Davis,* 38 *Conn.,* 562; *Moats vs. Witmer,* 3 *G. & J.,* 118.; *Mathews vs. Ward,* 10 *G. & J.,* 443, 458; *Helms vs. Howard,* 2 *H. & McH.,* 57, 76; *Alexander vs. Walter,* 8 *Gill,* 257; *Keener vs. Kaufman,* 16 *Md.,* 307, and cases cited; *Adams on Eject., Appendix,* 505.

*Henry Duffy,* and *Joseph Packard, Jr.,* for the appellees.

There was complete adverse possession for thirty-five years in Peter Stein and his devisees, as against the plaintiff.

Taking and holding possession under a deed from a stranger or from one co-parcener or tenant in common, purporting to convey the whole estate, amounts to an ouster. The deed to Stein conveyed the whole parcel of ground by metes and bounds. 3 *Wait's Actions and Defences,* 28 ; *Bigelow vs. Jones,* 10 *Pick.,* 164 ; *Gill vs. Fauntleroy,* 8 *B. Mon.,* 177, 186 ; *Larman vs. Huey,* 13 *B. Mon.,* 443 ; *Jackson vs. Smith,* 13 *Johns.,* 406 ; *Freeman on Co-tenancy, sec.* 224 ; *Hoye vs. Swan's Lessee,* 5 *Md.,* 248 ; *Baker vs. Swan's Lessee,* 32 *Md.,* 355 ; *Prescott vs. Nevers,* 4 *Mason Ct. Ct.,* 330 ; *Israel vs. Israel and Wife,* 30 *Md.,* 126.

The holding of Small under his deed from the heirs of Stein, tacked to Stein's title, made altogether an adverse possession of fifty-seven years. *Hanson vs. Johnson,* 62 *Md.,* 25. And in any view the title of Small and his devisees was adverse for more than twenty-two years, especially as the deed to Small contains a covenant of general warranty. *Freeman on Co-tenancy, sec.* 224.

If the deed from the Rutters to Stein, in 1829, was not an ouster as against the plaintiff, which we claim that it was, certainly the deed to Small from the heirs of Stein was a complete ouster. Under that deed he and his devisee have remained in exclusive, continuous, visible and notorious possession, not acknowledging or even knowing of any adverse claim. Such possession is a "flat bar," (*Hanson, et al. vs. Johnson,* 62 *Md.,* 32,) to this suit, and the title of the defendants is good against all the world.

The verbal instruction of the Court to the jury, that they could find their verdict only for the defendants, was correct. Not only had the plaintiff failed to make out his case, but taking into view the defendants' case as well

as the plaintiff's, there was a good adverse title in the defendants. *Sprigg vs. Moale,* 28 *Md.,* 505.

ROBINSON, J., delivered the opinion of the Court.

The plaintiff is the only surviving child and heir-at-law of Philip Rutter, and as such is entitled to an undivided one-sixth interest in the lot of ground in controversy, unless his title thereto is barred by the adversary possession of the defendants. The lot originally belonged to his grandfather, Thomas Rutter, who in 1815 conveyed it to Mary C. Clark for life, and after her death to James Flemming and Jude Clark during their lives and to the survivor of them. Thomas Rutter died in 1817, leaving six children, one of whom was Philip, the father of the plaintiff. In 1829, all the children of Thomas, with the exception of Philip, conveyed their reversionary interest in the lot to Peter Stein, the deed upon its face reciting an outstanding title in Philip, and in the same year, Stein purchased the life estate of James Flemming and Jude Clark, the surviving life tenants. Being thus entitled to the life estate, and to an undivided five-sixths in the reversion, Stein entered into possession of the lot and built thereon a brick dwelling house and stable, and continued in the exclusive possession and enjoyment of the property until his death in 1859; and after his death, his heirs and devisees continued in the exclusive possession of the property until 1865, when they conveyed it *in fee* to John Small, Jr., under whom the defendants claim.

Now whether Stein and the devisees under his will, were upon the determination of the life estate, in possession, merely as *tenants in common,* and their possession, therefore, in legal contemplation the possession of the co-tenant the plaintiff; or whether their possession and acts of ownership amounted to an ouster or disseisin of the plaintiff, are questions which we shall not now stop to consider, for the reason that the possession of Small and that

of the defendants claiming under him, is in our opinion a bar to the plaintiff's title. Stein, as we have said, died in 1859, and in 1865 his heirs and devisees conveyed the lot in question by *metes and bounds*, to Small *in fee*, with a covenant of general warranty. Under this deed Small entered into possession, and continued in the exclusive possession and enjoyment of the property until his death in 1878. Since which time it has been in the exclusive possession and enjoyment of the defendants claiming under him, a period of more than twenty years. Now we take the law to be well settled, that where one tenant in common conveys the whole estate in fee and his grantee enters and claims and holds the exclusive possession, the conveyance and entry and possession must be deemed adverse to the title and possession of the co-tenant, and amount to a disseisin, and such possession if continued for twenty years will bar the title of such co-tenant.

In *Townsend and Pastors Case*, 4 *Leon.*, 52, where two co-parceners were in the use of a manor under the statute of 1 *Rich.*, 3, and one of them entered and made a feoffment in fee of the whole manor, all the Justices held, that this feoffment not only passed the moiety of such co-parcener, which she might lawfully part with, but also the other moiety of the other co-parcener by disseisin. And in the later case of *Reed vs. Taylor*, 5 *Barn. & Adol.*, 575, it was held, that although the general rule is, that where several persons have a right and one of them enters generally, it shall be an entry for all, for the reason, that the entry shall always be taken according to right; yet that any overt act or conveyance, by which the party entering or conveying asserted a title to the *entirety* would amount to a disseisin of the other parties, whether joint tenants, or tenants in common, or parceners. We may also refer to *Clymer's Lessee vs. Dawkins*, 3 *How.*, 674; *Kittridge vs. Proprietors of Locks*, 17 *Pick.*, 247; *Clark vs. Vaughan*, 3 *Conn.*, 19; *Clapp vs. Bromagham*, 9 *Cowen*, 530, and *Thomas*

vs. Pickering, 13 Maine, 337. These cases rest on the ground that the conveyance in fee, and entry under it, and possession, are notorious and unequivocal acts of ownership of such a nature as to give notice to the co-tenant, that the entry and possession are hostile and adverse to his title.

In this case, the undisputed facts show that Small entered into possession under a deed from the devisees of Stein conveying to him the entire lot in fee; and that he and the defendants claiming under him have been in the exclusive possession and ownership of the lot from that time to the present, a period of more than twenty years. It can hardly be necessary to say, that where one thus enters under a deed conveying the entire property by metes and bounds, his entry, and claim of title, and possession, are to be construed as co-extensive with the terms of his deed. Prescott vs. Nevers, 4 Mason, C. C., 330. Such then being the case we are of opinion, that the entry by Small and the possession by himself and by the defendants claiming under him, constitute a bar to the plaintiff's right to recover. And if so, there was no error in granting the defendant's second prayer, nor in the verbal instruction by the Court, that there was no evidence upon which the plaintiff could go before the jury.

It follows also from what we have said, that there was no error in refusing the two prayers offered by the plaintiff. And besides, they were objectionable, because there was no evidence upon which the jury could find that the life estates had determined within twenty years, before the institution of the suit.

We come then to the exceptions to the evidence, the first and second of which it is unnecessary to consider, because the death of the life tenants, was proved in the subsequent progress of the case.

In the third and fourth the witness testified, she was a daughter of Peter Stein, and a devisee under his will and one of the grantors in the deed to Small, and that she never

had heard of an outstanding title to the lot in Philip Rutter or his heirs-at-law. Now for the purpose of contradicting the witness, it was clearly competent for the plaintiff's counsel on cross-examination, to ask her whether she had any conversation with Small at the time of the execution of the deed in regard to Philip Rutter. And for the same reason he had the right to ask her why the covenant of general warranty was inserted in the deed? But the error of the Court in this respect, does not furnish sufficient ground to justify us in sending back this case for a new trial. For if it be conceded that the witness had, in fact, heard of an outstanding title in Philip Rutter, and that she had a conversation with Small in regard to it, and further, that Small himself had knowledge of such title, this evidence could not in any manner affect the question of disseisin or ouster by Small, if he entered under his deed, claiming title to the entire lot, and remained in the exclusive possession thereof for twenty years, the period prescribed by the Statute of Limitations.

For these reasons the judgment must be affirmed.

*Judgment affirmed.*

(Decided 16th December, 1887.)