ARTHUR WINDEY v. NORTH STAR FARMERS MUTUAL INSURANCE COMPANY.[1]

May 26, 1950.

No. 35,099.

*E. V. Molle* and *A. R. English,* for appellant.
*Severson & Severson,* for respondent.

LORING, CHIEF JUSTICE.

Action by plaintiff as the insured's assignee to recover on a tornado policy. Decision was for plaintiff, and defendant appeals.

The questions for decision are:

(1) Whether a change of *title* or *interest* was effected by a contract for sale of the insured property entered into prior to loss between named persons as agents of the owners, one of whom was an infant, as vendors, and plaintiff, as vendee, subject to the conditions precedent (a) that the vendors obtain deeds signed by the adult owners, and (b) that they obtain an order of license from the probate court authorizing a sale of the infant's interest, and providing that upon failure to comply with such conditions the sale should be null and void;

(2) Whether a provision in the contract for the sale of insured property that if loss or damage occurred while the contract was in force the proceeds of the insurance should be applied on the purchase price constituted an assignment of the policy within the meaning of a policy provision that the policy should become void if assigned by the insured without the insurer's consent;

(3) Whether obtaining by the *vendee* of other insurance on the property covered by the policy voided the policy under a provision thereof that it should become void if the *insured* should procure such additional insurance without the insurer's consent; and

(4) Whether, if the first question is answered in the negative, performance of the contract after loss constituted a change of title or interest which related back so as to void the policy prior to the occurrence of the loss.

On May 23, 1946, defendant issued to the heirs at law of Siver Rosten a policy insuring them against loss or damage to a certain farm building by windstorm. The policy was to run for five years with the premium payable annually on the anniversary of the date thereof with a 60-day grace period. Within such period, the premium due on May 23, 1947, was tendered to defendant. The policy contained provisions that it should become void if (1) any change other than by death of the insured should take place in the title or interest of the insured property without the consent of the insurer; (2) the policy should be assigned without the written consent of the insurer endorsed thereon; and (3) the "insured" should have any other insurance on the property covered by the policy without the insurer's consent.

On February 10, 1947, while the policy was in force, a contract for deed was executed by Orval Rosten, one of the adult owners, and C. V. Coon, the husband of another of such owners, as agents for all the owners, one of whom was a minor, as vendors, and plaintiff, as vendee, by the terms of which the vendors agreed to sell and convey the land to the vendee for a purchase price of $13,200, of which $1,000 was to be paid in cash and the balance of which was to be paid as soon as the vendors were able to furnish an abstract

showing merchantable title and a deed could be procured from the "owners," which was stated to be about May 1, 1947, subject to the conditions that the contract should become null and void if (1) deeds from the owners could not be obtained or (2) authorization by the probate court for sale of the infant's interest could not be obtained in guardianship proceedings to be commenced. The contract also provided that the vendee should be entitled to possession as of March 1, 1947, and that the rent to be received from the tenant thereon should belong to the vendee if the contract was fully performed and to the vendors if it was not. It also contained other provisions which we do not deem pertinent here.

On May 27, 1947, the vendee procured $300 other insurance covering the same risk as that insured against by defendant.

The building in question was destroyed on June 27, 1947, by a windstorm.

On November 13, 1947, the insured assigned to plaintiff the insurance policy and any money due thereunder as a result of the loss or damage occasioned by the windstorm. On the same date, deeds from the adult owners and a deed from the guardian of the infant owner conveying the property to plaintiff were delivered to plaintiff, and the contract was in all respects performed by the parties thereto.

The insurer had no knowledge or notice, until after loss had occurred, of the contract for deed or of the vendee's entry into possession of the insured premises.

■ A change of title or interest in the insured property occurring before loss voids the insurance where the policy provides, as here, that the policy shall be void if any change other than by the death of the insured takes place in the title or interest of the property. Gibb v. Philadelphia F. Ins. Co. 59 Minn. 267, 61 N. W. 137, 50 A. S. R. 405. Here, no such change took place. The contract for deed effected no change of title or interest in the property prior to loss, for the reasons that it was purely executory and the rights of the parties to the contract depended upon the happening of the conditions precedent, viz., the obtaining of the deeds from the adult

owners and of the order of license of the probate court to sell the infant's interest, which had not then occurred. As said in Hobart v. Kehoe, 110 Minn. 490, 493, 126 N. W. 66, 67, 136 A. S. R. 524, where plaintiff exercised an option to purchase and sought specific performance thereof as a contract to purchase and where we held that plaintiff had acquired no right or interest in the land by reason of the fact that a certain condition precedent had not occurred:

"* * * A right or interest in land which depends upon a condition precedent does not vest until or unless the condition is performed, although it is or becomes, for any reason, impossible of performance."

So here, because the conditions precedent had not happened at the time the loss occurred, plaintiff had acquired at such time no title or interest in the land.[2] Until the conditions occurred, plaintiff's rights against the vendors were only *in personam,* not in the land as such. See, Womack v. Coleman, 92 Minn. 328, 100 N. W. 9.

■ The provision in the contract by which the vendors agreed to apply the proceeds of the insurance in the event of loss upon the unpaid purchase price did not constitute an assignment of either the policy or the proceeds thereof. The provision was an agreement operative *in futuro* and was contingent not only upon the happening of loss or damage covered by the policy, but also of the conditions precedent, upon the occurrence of which the vendee's rights depended. It gave the vendee no rights against the insurer, but only against the vendors so far as concerned the application of the proceeds in case of loss or damage. Assignment, after loss, of the proceeds of insurance does not constitute an assignment of the policy, but only of a claim or right of action on the policy. Such an assignment does not void the policy under a provision that if it is assigned without the insurer's consent it shall become void. Annotation, 122 A. L. R. 145, *et seq.;* 29 Am. Jur., Insurance, § 505. The rule applies to mutual companies the

[2]See, Tiemann v. Citizens' Ins. Co. 76 App. Div. 5, 78 N. Y. S. 620; Aetna Ins. Co. v. Aston, 123 Va. 327, 96 S. E. 772; 4 Thompson, Real Property (Perm. ed.) § 2035.

same as to others. Ginsburg v. Bull Dog Auto F. Ins. Assn. 328 Ill. 571, 160 N. E. 145, 56 A. L. R. 1387, and Annotation; 29 Am. Jur., Insurance, § 506.

■ Obtaining by the *vendee* of other insurance on the property covered by a policy does not void the policy under a provision thereof that it shall become void if the *insured* shall procure such additional insurance without the insurer's consent. Church of St. George v. Sun Fire Office Ins. Co. 54 Minn. 162, 55 N. W. 909. The plain reason for the rule is that in such a case the additional insurance is procured by the *vendee*, not the *insured.*

■ Performance of the contract for deed after occurrence of the loss, with consequent change of title and interest in the property as of the time of such performance, did not relate back so as to void the policy prior to the occurrence of the loss. The doctrine of relation back is simply a fiction of the law by which an act done or a right arising is deemed to have been done or to have accrued at an antecedent time in order to preserve rights as of the earlier date, or otherwise to avoid injustice. It has no application here. Where, as here, the vendor was not prepared to convey at the time of making the contract, performance afterward did not relate back to the making of the contract so as to prevent him from recovering on a fire insurance policy covering the property sold. Phinizy v. Guernsey, 111 Ga. 346, 36 S. E. 796, 50 L. R. A. 680, 78 A. S. R. 207; 55 Am. Jur., Vendor and Purchaser, § 356, note 17. Plaintiff, as the vendors' assignee of the proceeds of the policy after loss, stands in their shoes so far as concerns his right to recover.

Affirmed.

MR. JUSTICE THEODORE CHRISTIANSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.