215 F.2d 411
 Salina SCOTT, Appellant,
v.
W. M. EMANUEL; Wilma Chism, now Lain; W. T. Gordon; C. L. McArthur; Opal M. Kemp; Mabel M. Parker; Earl V. Parker; Flora Carter and George Carter, Appellees.
 No. 4850.
 United States Court of Appeals Tenth Circuit.
 August 23, 1954.
 
 Carloss Wadlington, Ada, Okl. (Turner M. King, Ada, Okl., was with him on the brief), for appellant.
 C. L. McArthur, Ada, Okl. (Hobert G. Orton and J. B. Gilbreath, Ada, Okl., were with him on the brief), for appellees.
 Before HUXMAN, PICKETT, Circuit Judges, and RITTER, District Judge.
 HUXMAN, Circuit Judge.
 
 
 1
 This was an action filed January 2, 1951, by Salina Scott to quiet her title to an undivided 5/16 interest in and to the Northeast Quarter of Section 18, Township 4 North, Range 7 East, in Pontotoc County, Oklahoma, and to recover the possession of such interest. Judgment was entered for the appellee, W. M. Emanuel, and this appeal follows.[1]
 
 
 2
 The land in question was the homestead of Felin Bean, a one-half blood restricted Chickasaw Indian. Felin died January 1, 1917, survived by his widow, Tennessee Alexander, and three daughters, Rosa Bean, Tienie Bean and Lucy Bean. Lucy Bean was an unenrolled three-fourths blood Chickasaw Indian, born after January 4, 1906. Administration proceedings were begun on his estate shortly after his death but were not completed until 1921, when a determination of heirship was made, finding that Tienie Bean was not an heir. The court found that Tennessee Alexander, Rosa Palmer, nee Bean, and Lucy Bean, were the sole heirs at law of Felin Bean. The court in its order attempted to vest title to the real estate here in question in Tennessee Alexander, Rosa Palmer, nee Bean and Lucy Bean. The County Court's finding stood unchallenged until in this case the trial court held that the probate proceedings were void and that Tienie Bean was in fact an heir and, as such, inherited a ¼ interest in her father's estate. The trial court, however, held that such interest was lost through adverse possession. The correctness of this finding is challenged in this appeal.
 
 
 3
 Tienie Bean died in 1925. Her ¼ interest descended to her daughter, Salina Scott, the appellant. Rosa Bean died in 1927. Her interest descended ¼ each to Salina Scott and Lucy Bean, in equal portions, and ½ to her husband, Hicks Palmer.[2] Hicks Palmer died later and his interest descended to his father, Watson Palmer.[3] On May 9, 1935, Tennessee Alexander and Lucy Bean conveyed by warranty deed all their right, title and interest in the land in question to W. M. Emanuel. This deed was approved, as required by 35 Stat. 312, on May 9, 1935, and was recorded the following day. On December 9, 1935, Watson Palmer conveyed by warranty deed all his right, title and interest to W. M. Emanuel. This deed was not approved until February 7, 1936.
 
 
 4
 While the trial court found that the probate court proceedings were void and did not divest Tienie Bean of her ¼ interest in the land, it further found that Tienie Bean knew since 1921 that the other heirs of Felin Bean, Tennessee Alexander, Rosa Bean and Lucy Bean, claimed to be the owners of the land and refused to recognize her as the owner of any interest therein, and that W. M. Emanuel went into possession under warranty deeds from his grantors, claiming to be the owners in fee simple title to the land more than fifteen years before the appellant instituted her action and that she was, therefore, barred by the statute of limitations from asserting her claim. With respect to the deed from Watson Palmer to W. M. Emanuel, the court found that although the deed was not approved until a few days after January 1, 1936, the approval related back to the date of the deed. The court found that Emanuel went into possession of the interest conveyed by Watson Palmer on the date of the deed.
 
 
 5
 The court's conclusion that the approval of the deed related back to the date of the deed for the purpose of starting the running of the statute of limitation is challenged by appellant. This challenge is not without substance. The doctrine of relation back is a legal fiction intended to promote the ends of justice.[4] It may well be argued that employing the doctrine to perfect and protect a title based upon adverse possession does not promote the ends of justice, since adverse possession is a hard rule not founded upon equitable principles. But because of our conclusions based upon other considerations and since we do not rest our decision on this conclusion, we do not deem it necessary to explore the subject further or specifically decide the question.
 
 
 6
 The court's conclusion that Salina's interest was barred by adverse possession is not based alone on its conclusion with respect to the relation back of the approval of the Watson Palmer deed. The court's finding that the determination of heirship and the attempted vesting of title to the real estate in question in Tennessee Alexander, Rosa Bean and Lucy Bean in 1921, while invalid, amounted to an ouster of Tienie and was notice to her that the other three heirs claimed the entire interest adversely to her is amply supported by the record. The record sustains the finding that Tienie had notice of this proceeding. It is also clear from the record that from this time she was ignored by the remaining three heirs. They rented the property and at no time did she receive any rent or income therefrom. Prior to the determination of heirship in the county court, Tienie was recognized as an heir in the office of the Superintendent of the Five Civilized Tribes. A copy of the determination of heirship found its way into his office and thereafter those charged with the administration of Indian affairs refused to recognize her as an heir.
 
 
 7
 Legal proceedings which purport to determine and vest title although irregular or void are nonetheless sufficient to constitute color of title to[5] one claiming title thereunder and will set in motion the statute of limitations. It thus appears clear that from 1921, Tennessee, Rosa and Lucy under color of title openly claimed to be the sole owners of this real estate; that such claim was adverse to the interest of Tienie and that she was excluded from participating in the possession of the real estate or the enjoyment of the income therefrom. This was sufficient to constitute a disseisin or ouster to start the statute of limitations running against a cotenant not in possession. This condition continued without action on her part or those claiming through her for approximately thirty years, until this action was filed by her daughter and heir, Salina Scott.
 
 
 8
 Since Lucy Bean, an unenrolled three-fourths blood Chickasaw Indian, born after January 4, 1906, received no allotment, she was under the Act of May 27, 1908, 35 Stat. 312, entitled to all of the rents and profits from this homestead until April 26, 1931. She was in effect a tenant in possession for a term of years and during such time an action could not be brought against her by Tienie for the possession of her interest in the real estate.[6] But this right ended April 26, 1931. Thereafter, Lucy was only a tenant in common and nothing prevented Tienie or those claiming through her from instituting an action for possession and to quiet their title. Thus more than nineteen years intervened after April 26, 1931, during which Tienie or her heirs were free to institute a suit, without any action on their part.
 
 
 9
 That Tienie and her heir, Salina Scott, had notice of the adverse claim of Tennessee, Rosa and Lucy, is clear from the record. She was a party to the county court proceedings where in 1921 it was adjudicated that she was not an heir and had no interest in the land in question. The record recites that she was served as required by law. Furthermore, when the petition for approval of the deed from Tennessee and Lucy to W. M. Emanuel reciting that the sole heirs of Felin Bean were Tennessee, Rosa and Lucy, came on for hearing in the county court, S. H. Mount, Guardian of Salina Scott, appeared and asserted his ward's claim in the land. The county court made a finding in the order approving the deed that the heirship of Felin was as alleged in the petition. On June 1, 1935, Salina Scott entered into a contract with an attorney to take all necessary legal steps to recover her interest in the land. This makes it too clear for doubt that Salina Scott knew that Tennessee, Rosa and Lucy were claiming adversely to her, that they had ousted her from possession and were claiming to be the sole owners of the property. She knew this for more than fifteen years prior to the time she instituted her action to recover her claimed interest in the land.
 
 
 10
 The title to the land in question came to W. M. Emanuel by an unbroken chain of title from Tennessee, Rosa and Lucy, claiming to be the owners of the entire tract and those claiming under and through them as heirs. We, therefore, have complete privity of interest between Tennessee, Rosa, Lucy, their heirs and W. M. Emanuel.
 
 
 11
 There is no finding or showing in the record that the adverse possession on the part of Tennessee, Rosa, and Lucy, and their ouster of Tienie was not continued by their successors in interest. There is a complete absence of any showing that any successor to the interests of Tennessee, Rosa or Lucy ever recognized any interest in Tienie or Salina Scott. The presumption, therefore, must be that the possession and claim of ownership on the part of the successors to the interests of Tennessee, Rosa and Lucy remained adverse to Tienie and Salina. The cases hold that where there is privity of interest the possession of a successor may be added to that of the predecessor in determining the period of limitation.[7] So considered, the time involved was more than 19 years before this action was instituted.
 
 
 12
 The trial court specifically found that W. M. Emanuel "went into possession of said lands under general warranty deeds from his grantors, claiming to be the owner of the fee simple title of said lands for more than fifteen (15) years before plaintiff's law suit was filed." The court found that while the deed from Watson Palmer was not approved until shortly after January 1, 1936, that Emanuel was in possession from the date of the deed.
 
 
 13
 Approval of the deed from Watson Palmer was essential to its validity. It may be that until it was so approved it was invalid, but an invalid or void deed may constitute color of title[8] and where one is in possession, claiming ownership of all the property under such a deed, he is in possession under color of title for the purpose of starting the running of the statute of limitation. For that purpose, approval of the deed was not necessary. "A possession of real estate which is open, visible, continuous, and exclusive, with a claim of ownership such as will notify parties seeking information upon the subject that the premises are not held in subordination to any title or claim of others, but against all titles and claimants, is an adverse possession." Wirick v. Nance, 178 Okl. 180, 62 P.2d 997, 998. We think under the findings of the court the possession of Emanuel under his two deeds meets this test. We think appellant's claim is barred both on the ground that Tennessee, Rosa, Lucy and their successors to and including W. M. Emanuel, were in the continuous. open and notorious exclusive possession, denying appellant's claim to an interest in the premises for more than nineteen years, beginning with April 26, 1931, when Lucy's homestead rights ended, and on the further ground that in any event her claim was barred because Emanuel was himself in possession under color of title, claiming ownership under his two deeds for more than fifteen years prior to the institution of the suit.
 
 
 14
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 There are other appellees but since they claim title through W. M. Emanuel reference need not be made to them
 
 
 [2]
 Rosa Bean left a will which need not be considered, because it was declared invalid
 
 
 [3]
 Hicks Palmer also left a will which was declared invalid
 
 
 [4]
 Johnston v. Jones, 1 Black 209, 221, 17 L.Ed. 117; Canfield v. Jack, 78 Okl. 127, 188 P. 1040; Windey v. North Star Farmers Mut. Ins. Co., 231 Minn. 279, 43 N.W.2d 99; Peyton v. Desmond, 8 Cir., 129 F. 1
 
 
 [5]
 Unick v. St. Joseph Loan & Trust Co., 146 Neb. 789, 21 N.W.2d 752; Clymer's Lessee v. Dawkins, 3 How. 674, 11 L.Ed. 778
 
 
 [6]
 Elder v. McClaskey, 6 Cir., 70 F. 529: Maxwell v. Hamel, 138 Neb. 49, 292 N.W. 38; Beatty v. Miley, 204 Okl. 634, 233 P.2d 269; Haskett v. Maxey, 134 Ind. 182, 33 N.E. 358, 19 L.R.A. 379
 
 
 [7]
 Wheeler v. Taylor, 32 Or. 421, 52 P. 183; Lewis v. Smith, 187 Okl. 404, 103 P.2d 512, 516; Winterburn v. Chambers, 91 Cal. 170, 27 P. 658
 
 
 [8]
 Jamison v. Wells, Mo.Sup., 7 S.W.2d 347; Mehard v. Little, 81 Okl. 1, 196 P. 536